UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Northwest Airlines, Inc.,

    Plaintiff,

v.                                            Civ. No. 07-4803 (JNE/JJG)
                                                  ORDER

Stephen M. Filipas, Robert F.
Mokos, Thomas E. Niederer,
Raymond B. Phillips, Grant D.
Ranum, and Michael Tanksley,
Individually, and as Representatives
of Persons Similarly Situated,

    Defendants,

Air Line Pilots Association,

    Intervenor-Plaintiff.

Thomas W. Tinkham, Esq., and Stephen P. Lucke, Esq., Dorsey & Whitney LLP, appeared for Plaintiff Northwest Airlines, Inc.

Lawrence P. Schaefer, Esq., Schaefer Law Firm, LLC, and (by phone) Jeffery Lewis, Esq., Lewis, Feinberg, Lee, Renaker & Jackson, PC, appeared for Defendants Stephen M. Filipas, Robert F. Mokos, Thomas E. Niederer, Raymond B. Phillips, Grant D. Ranum, and Michael Tanksley, Individually, and as Representatives Persons Similarly Situated.

Richard Seltzer, Esq., and Thomas Ciantra, Esq., Cohen, Weiss and Simon LLP, and Marnie L. DeWall, Esq., Lindquist & Vennum PLLP, appeared for Intervenor-Plaintiff Air Line Pilots Association.

      This matter is before the Court pursuant to Northwest Airlines, Inc.'s Motion for a Temporary Restraining Order (TRO). Northwest seeks an order enjoining the individual defendants in this case, their counsel, and members of the putative defendant class, from initiating or pursuing claims in any other court that are the subject of Northwest's Complaint pending before this Court. Northwest also seeks an order requiring the withdrawal of the Motion

1

to Amend Complaint filed by the plaintiffs in the action styled *Tanksley et al., v. Northwest Airlines, Inc., et al.*, Civ. No. 07-1227 RSL (W.D. Wa. 2007) (Seattle Litigation).

Northwest requests a TRO on the basis of the "first-filed" rule. Under the first-filed rule, a court has jurisdiction to enjoin a party from proceeding with a duplicative, second-filed lawsuit in another forum. *See Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1999).[1] Northwest claims the instant declaratory judgment action is the first-filed lawsuit concerning the legality of Northwest's post-bankruptcy pilot pension program, and that Northwest is thus entitled to priority in choosing venue over lawsuits raising the same issues but filed elsewhere.

The Court concludes that Northwest's reliance on the application of the first-filed rule in seeking a TRO is misplaced and premature. Northwest first argues that the Seattle Litigation, as filed in August 2007, alleges legal claims that are separate and discrete from the claims raised in the instant suit. Therefore, Northwest asserts, the Seattle Litigation is not entitled to first-filed status over the instant Northwest action filed in December 2007. Assuming, without deciding, that Northwest's characterization of the Seattle Litigation is correct, the Seattle Litigation is not a duplicative, second-filed lawsuit in another forum to which the first-filed rule could be applied.

Northwest simultaneously asserts that the proposed amended complaint in the Seattle Litigation gives rise to a duplicative, second-filed lawsuit, which should be enjoined from proceeding under the first-filed rule. However, a proposed amended complaint is not filed

---

[1] As discussed *infra*, the grant or denial of a temporary restraining order or preliminary injunction in this circuit is ordinarily determined upon consideration of the factors stated in *Dataphase Sys., Inc. v. CL Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (en banc). However, the Eighth Circuit Court of Appeals has held that when considering the merits of motions seeking an order enjoining a party from proceeding with a duplicative, second-filed lawsuit in another forum, consideration of the injunction is not subject to the *Dataphase* standards for injunctive relief. *See Nw. Airlines*, 989 F.2d at 1004.

complaint. Plaintiffs in the Seattle Litigation have moved for leave to file a proposed amended complaint that raises legal issues that overlap with those in the instant case, but the Washington district court has not yet decided that motion. Because the proposed amended complaint in the Seattle Litigation has not yet been filed, Northwest cannot rely upon it as evidence of a duplicative, second-filed lawsuit to which the first-filed rule can be applied.

In light of the foregoing, rather than consider Northwest's request for a TRO under the first-filed rule, the Court turns to Federal Rule of Civil Procedure 65 and the familiar *Dataphase* factors in considering Northwest's motion. *See Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981). In *Dataphase*, the Eighth Circuit Court of Appeals held that injunctive relief may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits; (2) the movant will suffer irreparable harm absent the restraining order; (3) the balance of harms favors the movant; and (4) the public interest favors the movant. *Id.* at 113. Injunctive relief is an extraordinary remedy, *see Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987), and the party requesting the injunctive relief bears the "complete burden" of proving all the factors listed above, *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

Northwest has not demonstrated, nor argued, that it will suffer irreparable harm absent a temporary restraining order enjoining proceedings in other forums. Failure to show irreparable harm is an independently sufficient ground upon which to deny temporary injunction relief. *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). Moreover, should the Washington district court grant leave to the pilots in the Seattle Litigation to amend their complaint to add substantive claims challenging the legality of Northwest's pension plan, Northwest is free to file a motion in the Seattle Litigation seeking transfer of the action to this

district. This procedural avenue would also be available in other forums should additional lawsuits be initiated by other Northwest pilots in the future.

"The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982) (quoting *Holiday Inns of America, Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). No such conditions exist here, and the Court concludes that Northwest has failed to meets its burden of proof under *Dataphase*. Accordingly, the Court concludes that the balance of equities counsels against the issuance of the requested TRO. *See Dataphase,* 640 F.2d at 113.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Northwest Airline's Motion for a Temporary Restraining Order [Docket No. 37] is DENIED

2. The Notice of Hearing On Motion [Docket No. 25] setting oral argument on Defendants' Motion to Stay for March 6, 2008, at 9:30 a.m. before United Stated Magistrate Judge Jeanne J. Graham is AMENDED as follows: the hearing on Defendants' Motion to Stay [Docket 24] shall take place on **Friday, March 14, 2008, at 3:00 p.m., before the Honorable Joan N. Ericksen, United States District Judge, District of Minnesota, 300 South Fourth Street, Room 12W, Minneapolis, Minnesota**.

5

3. The briefing schedule currently established for Defendants' Motion to Stay shall remain in effect.

Dated:  January 30, 2008

                                                s/  Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge