UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Northwest Airlines, Inc.,

    Plaintiff/Counterdefendant,

and

Air Line Pilots Association,

    Intervenor-Plaintiff/Counterdefendant,

v.                                                                                Civil No. 07-4803 (JNE/JJG)
                                                                                 ORDER

Raymond B. Phillips, Michael Tanksley,
Belmont Beck, Platt Hubbell, Timothy I.
Meldahl, Gregory S. Novotny, William J.
Riley, and Ralph C. Taylor, Individually,
and as Representatives of Persons
Similarly Situated,

    Defendants/Counterclaimants.

---

Thomas Tinkham, Esq., Stephen P. Lucke, Esq., and Andrew Holly, Esq., Dorsey & Whitney LLP, appeared on brief for Plaintiff/Counterdefendant Northwest Airlines, Inc.

Robert V. Atmore, Esq., and Marnie L. DeWall, Esq., Lindquist & Vennum, L.L.P., and Richard M. Seltzer, Esq., Thomas N. Ciantra, Esq., and Evan R. Hudson-Plush, Esq., Cohen, Weiss and Simon LLP, appeared on brief for Intervenor-Plaintiff/Counterdefendant Air Line Pilots Association.

Jeffrey Lewis, Esq., Bill Lann Lee, Esq., Nina Wasow, Esq., Kirsten G. Scott, Esq., and Sacha Crittenden Steinberger, Esq., Lewis, Feinberg, Lee, Renaker & Jackson, P.C., Lawrence P. Schaefer, Esq., Benjamin Elwood, Esq., and Jill Gaulding, Esq., Schaefer Law Firm, LLC, and Seymour Mansfield, Esq., and Denise Y. Tataryn, Esq., Mansfield, Tanick & Cohen, P.A., appeared on brief for Defendants/Counterclaimants Raymond B. Phillips, Michael Tanksley, Belmont Beck, Platt Hubbell, Timothy I. Meldahl, Gregory S. Novotny, William J. Riley, and Ralph C. Taylor, Individually, and as Representatives of Persons Similarly Situated.

---

       This case is before the Court on the motions of Northwest Airlines, Inc. (Northwest), and

the Air Line Pilots Association (ALPA) for final judgment under Rule 54(b) of the Federal Rules

of Civil Procedure. ALPA also moves to amend the Order dated May 7, 2009, to certify it for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (2006). For the reasons set forth below, the Court denies the motions.

I.  BACKGROUND

On December 11, 2007, Northwest and ALPA implemented the Money Purchase Plan for Pilot Employees (MP3), which replaced the Northwest Airlines Pension Plan for Pilot Employees. Northwest and ALPA seek a declaration that the MP3 complies with the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461 (2006). A defendant class of pilots (Pilots) asserted counterclaims against Northwest and ALPA alleging that the MP3 violates ERISA, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (2006), and California, Minnesota, and Washington laws prohibiting age discrimination. The Pilots also claim that ALPA breached its duty of fair representation (DFR) by negotiating and enforcing the MP3. The Court granted the parties' joint motion for class and collective action certification.

In an Order dated January 26, 2009, the Court granted Northwest and ALPA summary judgment that the MP3 does not violate ADEA § 4(i)(1)(B) and ERISA § 204(b)(2)(A), that ADEA § 4(i)(4) precludes the Pilots' disparate impact and disparate treatment claims under ADEA § 4(a), (c), and that ERISA preempts the Pilots' state-law claims.[1] ALPA then moved for

---

[1] Northwest asks the Court to clarify that the January 26 Order established that Northwest's claim seeking a declaratory judgment "that the MP3 was lawful" was adjudicated in Northwest's favor. In their Complaints, Northwest and ALPA sought a declaration that the MP3 does "not violate any prohibitions against age discrimination, including as set forth in ERISA § 204(b)." To the extent that it was unclear from the January 26 Order, the grant of summary judgment against the Pilots and in favor of Northwest and ALPA on the Pilots' ERISA and ADEA counterclaims constitutes a determination that the MP3 does not violate ERISA or the ADEA. The Court notes, however, that its determination with respect to ADEA § 4(a), (c) was based on the preclusive effect of ADEA § 4(i)(4), not on an analysis under ADEA § 4(a), (c).

2

judgment on the pleadings or summary judgment on the Pilots' DFR claim. In an Order dated May 7, 2009, the Court denied ALPA's motion. Northwest and ALPA now seek entry of final judgment in favor of Northwest and ALPA on the ERISA, ADEA, and state-law claims. ALPA also seeks amendment of the May 7 Order to certify it for interlocutory appeal to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1292(b). The Pilots oppose entry of final judgment under Rule 54(b) and certification under section 1292(b). The parties have not yet completed fact discovery. Based on the parties' August 7, 2009, stipulation relating to the scheduling order, they do not anticipate doing so before the end of the year.

## II. DISCUSSION

**A. Rule 54(b)**

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

When determining whether there is no just reason for delay, a court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals. *McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008). Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by an immediate appeal. *Id.*

Here, the Pilots do not dispute that the January 26 Order was a final adjudication of their ERISA, ADEA, and state-law claims against Northwest and ALPA, but contend that Northwest and ALPA have not shown that there is "no just reason for delay." Citing *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980), Northwest and ALPA assert that Northwest will suffer hardship or injustice if final judgment is not entered at this time because Northwest continues to

3

contribute, on average, "several million dollars" per month to the MP3, thereby increasing Northwest's potential liability should the Eighth Circuit reverse the Court's determination with respect to the ERISA, ADEA, and state-law claims. Northwest and ALPA also maintain that they sought a prompt determination of the legality of the MP3 by commencing the declaratory judgment action in December 2007 and that, without entry of final judgment under Rule 54(b), the Eighth Circuit will not hear an appeal in this case until 2011.

In *Curtiss-Wright*, the United States Supreme Court found that entry of final judgment under Rule 54(b) on a claim for breach of contract was not an abuse of discretion where General Electric Company did not contest its liability for, or the amount of, the debt ($19 million) and Curtiss-Wright stood to lose money if final judgment were not entered because of a difference between the statutory and market rates of interest. 446 U.S. at 7-13. *Curtiss-Wright* is distinguishable, however, because liability is contested in this case and because Northwest, unlike Curtiss-Wright, is not entitled to a money judgment subject to erosion over time. *Cf. Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 775 (8th Cir. 2009) (distinguishing *Curtiss-Wright* because parties identified no "exigency" similar to the erosion of the value of Curtiss-Wright's judgment). While the Court is not unsympathetic to Northwest and ALPA's desire for a prompt resolution of the ADEA, ERISA, and state-law claims, Northwest and ALPA have not cited any Eighth Circuit case where an increase in potential liability over time, without more, established the hardship or injustice required to permit entry of final judgment under Rule 54(b).[2] *Cf. id.* ("[W]e see nothing about this case that would distinguish it from a mine-run

---

[2] Although the court in *Farkas v. Rumore*, 163 F.R.D. 225, 225-26 (S.D.N.Y. 1995), granted Rule 54(b) certification in an employment law case based on the defendants' argument that "plaintiff . . . should not be allowed to extend the time for which he may claim back pay if he wins a reversal on appeal," the Court does not believe the Eighth Circuit would accept this justification give that its "cases are uniform in holding that we will not assume jurisdiction over a

4

multi-party lawsuit in a way that would allow us to assert jurisdiction over it."). The Court denies Northwest's and ALPA's motions for entry of final judgment under Rule 54(b).

**B.     Section 1292**

ALPA seeks amendment of the May 7 Order denying ALPA's motion for judgment on the pleadings on the Pilots' DFR claim and certification of the May 7 Order to the Eighth Circuit pursuant to section 1292(b). There are three criteria for certification under section 1292(b): (1) the order must involve a controlling question of law; (2) there must be a substantial ground for difference of opinion; and (3) the certification must materially advance the ultimate termination of the litigation. *Union County, Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008). As a general matter, the identification of a "'sufficient number of conflicting and contradictory opinions' would provide substantial ground for disagreement.'" *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994) (quoting *Oyster v. Johns-Manville Corp.*, 568 F. Supp. 83, 88 (E.D. Pa. 1983)).

ALPA first seeks to certify the question of "whether an alleged discriminatory motive in negotiating contract benefits can give rise to a DFR claim if the terms of the contract are rational and not discriminatory." ALPA maintains that this is a controlling question of law and that there is a substantial ground for difference of opinion on this question. The Pilots respond that this question mischaracterizes the May 7 Order and that there is not a substantial difference of opinion on the issue.

As conceded by ALPA in its memorandum in support of its motion, the Court has not decided whether the MP3 constituted a discriminatory rule. ALPA asserts, however, that the Court held that the MP3 is "not discriminatory" because it does not reduce allocations because of

---

case certified to us under Rule 54(b) as a routine matter or an accommodation to counsel." *Taco John's of Huron, Inc. v. Bix Produce Co.*, 569 F.3d 401, 402 (8th Cir. 2009).

age. The May 7 Order actually states: "The Court decided the narrower issue of whether the MP3 ceased allocations or reduced the rate of allocations to the Pilots' accounts because of age, not the broader issue of whether ALPA discriminated against the Pilots because of age in enacting the MP3." The question proposed by ALPA is not a controlling question of law because the question assumes that the terms of the MP3 are not discriminatory, which has not yet been determined. In addition, the cases cited by ALPA do not conflict with the May 7 Order because none of them involve the effect of a dismissal of a claim under ADEA § 4(a) based on the preclusive effect of ADEA § 4(i)(4) rather than an underlying determination as to intentional age discrimination. The Court denies ALPA's motion with respect to the first question.

The second question ALPA seeks to certify is: "if contract benefits discriminate on the basis of seniority, whether seniority itself can be considered an invidious classification under the DFR." ALPA cites a number of cases for the proposition that distinctions based on seniority do not violate the DFR. These cases acknowledge, however, that "invidious" discrimination in the DFR context includes discrimination arising from animus. *See, e.g.*, *Considine v. Newspaper Agency Corp.*, 43 F.3d 1349, 1359-60 (10th Cir. 1994) ("[D]iscrimination is invidious if based upon impermissible or immutable classifications such as race or other constitutionally protected categories, or arises from prejudice or animus."); *Cooper v. TWA Airlines, LLC*, 274 F. Supp. 2d 231, 243 (E.D.N.Y. 2003) (same); *Fisher v. United Steelworkers of Am.*, No. 95-912, 1996 WL 233822, at *6 (W.D. Pa. Mar. 5, 1996) (same). While these cases establish that relative seniority may be a legitimate criterion for union decision-making, they do not hold that animosity toward more or less senior employees is a legitimate criterion. Therefore, they do not conflict with the decision in the May 7 Order holding that invidious discrimination in the DFR context can

encompass discrimination based on prejudice or animus toward senior pilots.[3] Consequently, these cases do not establish that there is a substantial ground for difference of opinion. The Court denies ALPA's motion with respect to the second question.

Finally, the Court notes ALPA's stated intention to argue on appeal that the MP3 is "objectively reasonable, is not discriminatory, and rationally serves the interests of the pilot group as a whole" before the Eighth Circuit. ALPA cites no authority permitting the Court to certify a question to the Eighth Circuit based on an underlying factual determination not made by this Court—that is, that the MP3 is not discriminatory.[4] In addition, the Court believes that the Eighth Circuit would benefit from a fully-developed record if and when it is called upon to decide the questions proposed by ALPA. *See S.B.L. v. Evans*, 80 F.3d 307, 310 (8th Cir. 1996) ("[E]ven if all three requirements are satisfied, the factual basis of a claim must be developed so that 'we can make a precise decision upon a precise record—not an abstract answer to an abstract question.'" (quoting *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 407 (8th Cir. 1979))). Even

---

[3] ALPA also cites *Amalgamated Association of Street, Electric Railway & Motor Coach Employees of America v. Lockridge*, 403 U.S. 274, 301 (stating that DFR doctrine "carries with it the need to adduce substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives"), and *Steele v. Louisville & Nashville Railroad Co.*, 323 U.S. 192, 203 (1944) ("Variations in the terms of the contract based on differences relevant to the authorized purposes of the contract in conditions to which they are to be applied, such as differences in seniority . . . are within the scope of the bargaining representation of a craft."). These cases do not conflict with the May 7 Order because decision-making based on animus toward senior pilots is neither related to legitimate union objectives nor relevant to authorized purposes. *Cf. Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 584 n.18 (6th Cir. 1994) ("As a matter of course, bad faith or discriminatory conduct cannot ever be reasonable.").

[4] ALPA contends that the difference between a holding that the MP3 does not discriminate based on age and the holding in the January 26 Order that the MP3 did not violate the pension-specific rules of ERISA and the ADEA is a "distinction without a difference." The Court does not agree that this distinction is without a difference, and ALPA cites no authority for the proposition that its duty of fair representation is limited by the requirements of the pension-specific rules of ERISA and the ADEA.

if the Court concluded that ALPA met the three criteria required for certification under section 1292(b), the Court would deny the motion to permit full development of the record.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. ALPA's Motion to Amend Order to Provide 28 U.S.C. § 1292(b) Certification and for Certification Under Fed. R. Civ. P. 54(b) [Docket No. 218] is DENIED.

2. Northwest's Motion for Final Judgment under Fed. R. Civ. P. 54(b) [Docket No. 220] is DENIED.

Dated: August 19, 2009

                                                                      s/ Joan N. Ericksen
                                                                      JOAN N. ERICKSEN
                                                                      United States District Judge